UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

                      Plaintiff,

-against-

REAL PROPERTY AND PREMISES
LOCATED AT 47 ALPINE ROAD,
GREENWICH CONNECTICUT AND
ALL PROCEEDS TRACEABLE
THERETO; AND ALL FUNDS ON DEPOSIT
IN OR TRANSFERRED TO OR THROUGH
CITIBANK ACCOUNT NUMBER 1219511635,
HELD IN THE NAME OF DANA SCHWARTZ
CASTELLO, UP TO AND INCLUDING THE SUM
OF $2,671,872.50 AND ALL PROCEEDS
TRACEABLE THERETO,

                      Defendants.
----------------------------------------X

MEMORANDUM AND ORDER

CR 04-336

(Wexler, J.)

APPEARANCES:

    ROSLYNN R. MAUSKOPF, UNITED STATES ATTORNEY
    EASTERN DISTRICT OF NEW YORK
    BY: RICHARD T. LUNGER, ESQ.
        ASSISTANT UNITED STATES ATTORNEY
        610 Federal Plaza
        Central Islip, New York 11722-4454

    FEERICK LYNCH MacCARTNEY PLLC
    BY: DONALD J. FEERICK, JR., ESQ.
    Attorneys for Claimant Roseanna Castello
    96 South Broadway
    South Nyack, New York 10960

WEXLER, J.

    This is a civil proceeding commenced by now-deceased claimant, Roseanna Castello

("Claimant"), seeking to claim an interest in property and funds seized by the Government in

1

connection with a criminal case (docket number CR 04-336) brought against the Claimant's son, Joseph Castello (the "Criminal Case"). The court has held this matter in abeyance pending the outcome of the criminal case. The Criminal Case has been decided by a jury and Joseph Castello, defendant therein, has been found guilty of failure to file Currency Transaction Reports ("CTRs"), by a financial institution, in violation of 31 U.S.C. §5313(a).

The court has decided issues related to entry of a preliminary order of forfeiture and has signed a preliminary order of forfeiture pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure. Now that the court has entered the order forfeiting the property at issue, determination of the claimant's interest in that property is to be determined, not in this civil matter, but as set forth in Rule 32.2(c) of the Federal Rules of Criminal Procedure. That rule states that where, as here, a preliminary order is entered, determination of any third party's interest in the forfeited property is decided after the filing of a claim in an ancillary proceeding. Fed. R. Crim. P. 32.2(c); see e.g., United States v. Rudaj, 2006 WL 1876664 *2 (S.D.N.Y. 2006). As with respect to the court's forfeiture proceeding, the burden of proof in the ancillary proceeding is proof by a preponderance of the evidence.

In light of the present procedural setting and the presence of issues of fact concerning the allegations set forth by Claimant, the court denies the presently pending motion for summary judgment brought in this civil case. If the Claimant's estate wishes to proceed with the filing of a claim to the seized property and assets, the claim may be pursued by the filing of a claim in an ancillary proceeding pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

## CONCLUSION

For the foregoing reasons and in light of the fact that the property at issue in this matter is

the same property subject to the Preliminary Order of Forfeiture entered pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, in the criminal case filed under Docket Number CR 04-336, the court denies the Claimant's motion for summary judgment. The Clerk of the court is directed to terminate the motion for summary judgment.

SO ORDERED.

_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September 17, 2007